IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PERCY FORD,**

    **Plaintiff,**

v.

**RONALD EUGENE KECK,**

    **Defendant.**                             Case No. 06-cv-667-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the motion for remand to state court brought by Plaintiff Percy Ford (Doc. 4). For the following reasons, the motion is **GRANTED**.

This relatively simple lawsuit arises from a two-car collision that occurred in Lebanon, Illinois, on March 13, 2004. Ford, one of the drivers involved, alleges that the collision was caused by the negligence of Defendant Ronald Eugene Keck, the driver of the other car involved, and asserts claims for personal injuries allegedly arising from the collision. (*See* Doc. 2, Ex. 4.) Ford's complaint was filed in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on

February 9, 2006. Keck removed the case to this Court in federal diversity jurisdiction, whereupon the case was docketed as *Ford v. Keck*, Case No. 06-cv-292-DRH (S.D. Ill. filed Apr. 10, 2006). The Court subsequently remanded the case due to Keck's failure to show that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. **See *Ford v. Keck*, No. 06-CV-292-DRH, 2006 WL 2255852 (S.D. Ill. Aug. 7, 2006)**.

On August 28, 2006, Keck removed Ford's claims a second time, contending that medical bills disclosed to him by Ford in discovery now prove that the jurisdictional amount for diversity purposes is satisfied in this case. Ford in turn has moved for remand of the case to state court on the grounds that the removal is untimely. Having reviewed carefully the submissions of the parties, the Court now is prepared to rule.

## II. DISCUSSION

### A. Legal Standard

Under **28 U.S.C. § 1441**, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. A federal court may exercise jurisdiction in diversity if all parties to an action are of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of

interest and costs, is in controversy. *See* 28 U.S.C. § 1332; *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Broadwater v. Heidtman Steel Prods., Inc.*, 300 F. Supp. 2d 671, 672 (S.D. Ill. 2003); *Rice-Bey v. Koppers Indus., Inc.*, 180 F. Supp. 2d 988, 989 (S.D. Ill. 2002).

The party seeking removal has the burden of establishing federal jurisdiction. *See Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)); *Fiore v. First Am. Title Ins. Co.*, No. 05-CV-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, No. CIV. 06-722-GPM, 2007 WL 403853, at *1 (S.D. Ill. Jan. 3, 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). All doubts about the propriety of removal are to be resolved in favor of remand. *See Morthland v. BRP US, Inc.*, No. 06-CV-01038-DRH, 2007 WL 853986, at *1 (S.D. Ill. Mar. 16, 2007); *Ford*, 2006 WL 2255852, at *1; *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

B.   **Timeliness of Removal**

In this case it is undisputed that Ford is an Illinois citizen and Keck is an Alabama citizen. Further, as will be discussed in more detail presently, the record discloses evidence that an amount in excess of $75,000, exclusive of interest

and costs, is in controversy. Thus, it appears that the prerequisites for the exercise of federal diversity jurisdiction are met, and the sole issue for the Court to decide is whether the removal of the case was timely. A defendant seeking to remove a case in federal subject matter jurisdiction must file a notice of removal within thirty days after service of the complaint. **See 28 U.S.C. § 1446(b)**. If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. Failure to effect timely removal under Section 1446(b) is a procedural defect in removal, not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of removal. **See Fields v. Jay Henges Enters., Inc., Civil No. 06-323-GPM, 2006 WL 1875457, at \*2 (S.D. Ill. June 30, 2006) (citing In re Continental Cas. Co., 29 F.3d 292, 293-95 (7th Cir. 1994)). See also Bova v. U.S. Bank, N.A., 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006)**. In this instance Ford has raised a prompt objection to the timeliness of the removal of the case, so that the issue is properly before the Court and ripe for decision.

In this instance, the basis for the second removal of the case is, as discussed, medical bills furnished by Ford to Keck in discovery which, together with the allegations of Ford's complaint regarding pain and suffering, medical expenses, and lost wages Ford has suffered and will suffer in the future, Keck avers, show that the jurisdictional amount for diversity purposes is satisfied. The Court agrees. The

record shows that Ford has incurred medical expenses in the amount of approximately $54,000, a sum which, in combination with the allegations of pain and suffering and past and present lost income in the complaint, easily surpasses $75,000, exclusive of interest and costs. ***See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the amount in controversy was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy requirement was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Yount v. Shashek*, No. CIV. 06-753-GPM, 2006 WL 4017975, at \*9 (S.D. Ill. Dec. 7, 2006) (finding the jurisdictional amount in controversy for diversity purposes satisfied where "[t]he allegations of the operative complaint . . . assert[ed] that as a result of [the plaintiff's] injury [he] has suffered permanent and disabling injuries and pain and suffering, and that he has incurred and will continue to incur significant medical expenses and loss of income[.]").  See also Campbell v. Restaurants First/Neighborhood Rest.,**

***Inc.*, 303 F. Supp. 2d 797, 799 (S.D.W.Va. 2004) ("Although [the plaintiff's] medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.")**.

Where Keck's second removal of this case founders is on the issue of timeliness of removal. It is undisputed that Ford furnished his medical bills to Keck on May 17, 2006, nearly three months before the Court remanded Ford's claims for the first time, and considerably more than thirty days before Keck removed those claims for the second time. Keck argues that the second removal of the case is timely because, on the first removal of the case, the Court was precluded from considering any evidence regarding the existence of federal subject matter jurisdiction that was not in the record when the case was removed. Thus, Keck argues, he could only present Ford's medical bills to the Court as evidence of the existence of federal subject matter jurisdiction in this case on the second removal of the case on August 28, 2006. Keck's argument is entirely contrary to controlling authority in this Circuit.

The law of this Circuit is clear, of course, that the existence of federal subject matter jurisdiction in a case removed from state court must be assessed as of the time of removal, and that such jurisdiction, if proper at the time of removal, generally cannot be ousted by a plaintiff's actions after removal. "[T]he district court is not deprived of jurisdiction where, as here, 'the plaintiff after removal, by

stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount[.]'" *Chase*, 110 F.3d at 429 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Thus, for example, a post-removal stipulation by a plaintiff that he or she is not seeking damages in excess of the jurisdictional minimum amount does not bar removal in diversity. *See id.* at 429-30. *See also Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) (in determining the existence of federal subject matter jurisdiction in a case removed from state court, "[w]e look to the facts that existed at the time of removal to determine our jurisdiction, for a plaintiff . . . may not manipulate the process . . . to defeat federal jurisdiction and force a remand once the case has been properly removed."); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993) ("[J]urisdiction depends on the situation at the time of removal, and . . . once a case is successfully removed a plaintiff cannot do anything to defeat federal jurisdiction and force a remand.") (citations omitted); *In re Shell Oil Co.*, 966 F.2d 1130, 1131-32 (7th Cir. 1992) (citing *St. Paul Mercury*, 303 U.S. at 293) (a plaintiff's post-removal stipulation that he or she will not seek damages in excess of the jurisdictional minimum amount cannot bar removal: "[B]ecause jurisdiction depends on the situation at the moment of removal, . . . a stipulation would neither require nor authorize a remand."); *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 707-09 (7th Cir. 1992) (an order remanding an action to state court was reviewable by mandamus if subject

**matter jurisdiction existed at the time of removal and if the remand had been based on events that occurred after removal);** *Price v. Highland Cmty. Bank*, **722 F. Supp. 454, 456 (N.D. Ill. 1989) (Posner, J., sitting by designation) (a plaintiff's act of dropping the sole federal claim in a removed case "did not affect federal jurisdiction, which with immaterial exceptions depends on the facts and claims when the suit is removed, rather than on subsequent developments.")**.

Importantly, the rule that the existence of federal subject matter jurisdiction in a case removed to federal court is assessed as of the time of removal did not preclude Keck from submitting to the Court the evidence of Ford's medical bills that was discovered to him on May 17, 2006. The law of this Circuit is quite clear that a district court can consider any evidence shedding light on the existence of subject matter jurisdiction at the time of removal, even if, as in this instance, that evidence is developed through post-removal discovery.

For example, in ***Harmon v. OKI Systems*, 115 F.3d 477 (7th Cir. 1997)**, the court held that, in evaluating the existence of diversity jurisdiction in a case removed from state court, a district court did not err considering the plaintiffs' responses to post-removal interrogatories in determining whether the jurisdictional amount in controversy was satisfied. The court asked, "[S]hould a court really be barred from considering reliable evidence (which has been gathered during nearly 2 years of discovery [after removal]) merely because the evidence was not in the

record on the date of removal?" **Id. at 479-80**. The court held to the contrary. "The test [of whether evidence may be considered in ascertaining the existence of subject matter jurisdiction at the time of removal] should simply be whether the evidence sheds light on the situation which existed when the case was removed." **Id. at 480**. In sum, under the law of this Circuit, "a defendant may use evidence discovered after removal to show the existence of jurisdiction, as long as the evidence reflects the parties' jurisdictional posture at the time of removal." **Tate v. Werner Co., IP 02-0031-C-K/T, 2002 WL 1398533, at *2 (S.D. Ind. June 26, 2002) (holding that evidence of a workers' compensation lien discovered after removal could properly be considered in determining the amount in controversy in a personal-injury action removed to federal court in diversity: "Although the details of the lien were requested by and provided to [the defendant] on April 10, 2002, [after removal] they reflect the lien's status . . . prior to removal . . . . The Court is permitted to examine evidence not in the record, even if not available at the time of removal, as long as it represents the amount in controversy at the time of removal . . . . Therefore, despite the fact that evidence of the lien was not in the record at the time of removal, the evidence is relevant to the state of affairs at that time.  Thus, the Court is permitted to consider it.")**.

Thus, on the prior removal of this case, in attempting to show the existence of diversity jurisdiction Keck "was not restricted to evidence that was on the record at the time of removal.  [He] could have used evidence discovered after

removal to establish the jurisdictional amount, so long as the evidence pertained to the jurisdictional amount at the time of removal." ***Bush v. Roadway Express, Inc.*, 152 F. Supp. 2d 1123, 1126 (S.D. Ind. 2001) (emphasis omitted).  *See also Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at \*3 (S.D. Ill. Nov. 22, 2006) (considering exhibits to a brief in opposition to a motion to remand in evaluating the existence of subject matter jurisdiction in a removed case); *Huffman v. Dick's Sporting Goods, Inc.*, No. 1:06-CV-0959-JDTTAB, 2006 WL 2228959, at \*1 (S.D. Ind. Aug. 2, 2006) (quoting *Harmon*, 115 F.3d at 480) ("Jurisdiction is determined as of the moment of removal, . . . although the court may consider any evidence that 'sheds light on the situation which existed when the case was removed.'"); *Shadday v. Rodriguez Mahuad*, No. 4:06-CV-0088-JDT-WGH, 2006 WL 2228958, at \*2 (S.D. Ind. Aug. 2, 2006) (same); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 n.2 (S.D. Ill. 2006) ("[A] court  is entitled to consider all facts that shed light on the existence of subject matter jurisdiction."); *Holmberg v. Polaris Indus., Inc.*, No. 05-C-140-S, 2005 WL 1167711, at \*1 (W.D. Wis. May 16, 2005) ("The court is not bound to consider only those matters contained in the complaint and notice of removal but must also consider affidavits presented with the motion for remand[.]"); *Salmi v. D.T. Mgmt., Inc.*, No. 02 C 2741, 2002 WL 31115581, at \*2 (N.D. Ill. Sept. 23, 2002) ("The Seventh Circuit has firmly held that in jurisdictional determinations the Court**

may consider any evidence submitted on the issue, as well as the jurisdictional allegations in the Complaint."); *Unified Catholic Schs. of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F. Supp. 2d 714, 717-18 (E.D. Wis. 1999) (while a court, in deciding whether the amount in controversy exceeds the jurisdictional minimum amount for diversity purposes in a removed action, is limited to considering the facts existing at the time of removal, the court may consider evidence generated after removal if such evidence is probative of the amount in controversy at the time of removal); *International Test & Balance, Inc. v. Associated Air & Balance Council*, No. 98 C 2553, 1998 WL 957332, at *2 (N.D. Ill. Dec. 23, 1998) (quoting *Harmon*, 115 F.3d at 480) ("The court may review evidence not included in the record at the time of removal if that evidence 'sheds light on the situation which existed when the case was removed.'"). The Court concludes that Keck's attempt to remove this case over three months after receiving Ford's medical bills must fail.

It is undisputed that Ford's medical bills were in Keck's possession on May 17, 2006, well before the Court remanded Ford's claims to state court on August 7, 2006, and Keck removed the claims for the second time on August 28, 2006. The Court finds it incredible that, upon receipt of Ford's medical bills, Keck did not immediately put this important evidence before the Court, particularly where the precise issue of whether Ford's claims should be remanded to state court for failure to satisfy the jurisdictional amount in controversy was sub judice at the time.

The Court's research has not disclosed a case precisely on all fours with this case, in which a removal is asserted to be untimely because not effected within thirty days of the date evidence showing the existence of federal diversity jurisdiction was disclosed to a defendant at a time when the same claims already were before a federal court on a prior removal.  However, in the removal context, federal courts follow a simple default rule in deciding unusual cases, namely, that doubts about the propriety of removal are to be resolved in favor of remand.  ***See Dudley v. Putnam Inv. Funds*, Civil No. 06-940-GPM, 2007 WL 329129, at \*8 n.6 (S.D. Ill. Feb. 1, 2007) (holding that, "[t]he unusual procedural history of this case notwithstanding, the Court is required to apply the removal statutes strictly, with a presumption in favor of remand, . . . and the Court has not been empowered by Congress . . . to fashion equitable removal solutions to procedural complexities . . . in order to smooth a defendant's path to federal court via removal.")**.

A conclusion that the removal of this case is untimely is consistent with the settled rule that doubts about compliance with the procedural prerequisites for removal should be resolved in favor of state court.  "The plaintiff has a right to remand if the defendant did not take the right steps when removing . . . and . . . a removed matter must be remanded if there are any defects in the removal procedure . . . .  A defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been

satisfied, the case should be remanded." ***Yount*, 2006 WL 4017975, at \*6.  *See also Vogel v. Merck & Co.*, Civil No. 07-21-GPM, 2007 WL 709002, at \*9 (S.D. Ill. Mar. 6, 2007) (strict construction of the procedural requirements for removal compelled remand of a case removed in violation of the "voluntary-involuntary" rule)**.  It likewise is consistent with the rule that time limits on removal, though not jurisdictional, as discussed, are "mandatory and strictly applied," ***Fields*, 2006 WL 1875457, at \*2**, and with the "policy and purpose of Congress" underlying such time limits, namely, to ensure that defendants "effect removals as early as possible and avoid unnecessary delay." ***Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 781 (S.D. Ill. 2006)**.

In this instance Keck's inexplicable failure to follow controlling Circuit authority like **Harmon** by promptly putting before the Court important evidence concerning the amount in controversy in this case and instead waiting more than three months to attempt a second removal of Ford's claims based on that evidence has wasted a great deal of time and caused much unnecessary delay of this case. Where the record is clear that the evidence upon which Keck attempts a second removal of Ford's claims was known to him over three months before the current removal, the Court concludes the removal is untimely.[1]

---

[1] The Court also questions how its order entered August 8, 2006, remanding Ford's claims to state court could be an "order or other paper" authorizing a successive removal of those claims. **28 U.S.C. § 1446(b)**.  The Court held recently that an order authorizing a second removal of a case must be an authoritative "command, direction, or instruction" that actually affects the

### III.  CONCLUSION

Ford's motion for remand to state court (Doc. 4) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by reason of a procedural defect in removal.

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2007.

/s/      David RHerndon
**United States District Judge**

---

existence of federal subject matter jurisdiction in a case by, for example, permitting an amendment of a complaint to dismiss a diversity-defeating defendant, to request damages in excess of the jurisdictional minimum for diversity purposes, or to join federal claims. **Dudley, 2007 WL 329129, at \*\*5-6 (collecting cases)**. The Court's August 2006 order did none of these things; to the contrary, it expressly held that this case is not within federal diversity jurisdiction. **See Ford, 2006 WL 2255852, at \*2.**